IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JULIE GOLDBERG-BOTVIN )<br>7 Masaryk Street )<br>Jerusalem 93-106 )<br>ISRAEL )<br>)<br>and )<br>)<br>ESTATE OF YAEL BOTVIN )<br>by and through its Administrator )<br>Russell Ellis, Esq. )<br>58 Meadows Lane )<br>Haverford, PA 19041-1128 )<br>)<br>and )<br>)<br>TAMAR BOTVIN DAGAN )<br>7 Masaryk Street )<br>Jerusalem 93-106 )<br>ISRAEL )<br>)<br>and )<br>)<br>MICHAL BOTVIN )<br>7 Masaryk Street )<br>Jerusalem 93-106 )<br>ISRAEL )<br>)<br>)<br>v. )<br>)<br>ISLAMIC REPUBLIC OF IRAN )<br>Ministry of Foreign Affairs, Khomeni )<br>Avenue, United Nations Street, Tehran, Iran )<br>)<br>and )<br>)<br>THE IRANIAN MINISTRY OF INFORMATION )<br>AND SECURITY )<br>Rasdaran Avenue, Golestan Yekom, )<br>Tehran, Iran )<br>)<br>and ) | Civil Action No_____<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**COMPLAINT** |

| | |
|---|---|
| IRANIAN REVOLUTIONARY GUARD<br>Rasdaran Avenue, Golestan Yekom<br>Tehran, Iran | )<br>)<br>)<br>)<br>) |

Plaintiffs bring this action as a related action pursuant to the provisions of the recently enacted Defense Authorization Act for Fiscal Year 2008, Section 1083(c), Pub. L. No. 110-181, §1083, 122 Stat. 3, 338-344 (2008) and 28 U.S.C. § 1602, *et seq.*

Plaintiffs seek judgment against Defendants Islamic Republic of Iran ("Iran"), Iranian Ministry of Information and Security ("MOIS"), Iranian Revolutionary Guard ("IRG"), jointly and severally, pursuant to the Foreign Sovereign Immunities Act, as amended, 28 U.S.C. § 1602, *et seq.*

On September 10, 2003, this Court entered judgment against Defendants Iran, MOIS, IRG and the senior official Defendants for the material support and training they provided to Hamas in conducting the September 4, 1997 bombing attack that murdered Yael Botvin. *Campuzano v. Islamic Republic of Iran*, 281 F. Supp. 2d 258 (D.D.C. 2003). Plaintiffs in that case sought damages arising out of the injuries to American citizens in the September 4, 1997, triple suicide bombing at Jerusalem's Ben Yehuda Street pedestrian mall. This incident arises out of the same factual allegations.

Plaintiffs seek damages for the injuries and death of Yael Botvin, carried out as described below as a result of the support, financial support and training provided by theDefendants. Plaintiffs file this matter pursuant to the recent passage of 28 U.S.C. §1605A, which provides a federal cause of action that may be brought by these Plaintiffs against these Defendants for their role in funding and materially supporting the terrorist

attack that murdered Yael Botvin. In support of their Complaint, Plaintiffs more particularly allege as follows:

## JURISDICTION AND VENUE

1. Jurisdiction over the subject matter of this case arises under 28 U.S.C. §§ 1330(a), 1331 and 1605A.

2. Defendants Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guardare each and all are subject to suit in the courts of the United States as sponsors of the terrorist group Hamas pursuant to the Foreign Sovereign Immunities Act ("FSIA"), as amended, 28 U.S.C. § 1605A, and related statutes.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(f)(4).

4. Actions for wrongful death and related torts perpetrated by foreign state sponsors of terrorism by and through their officials, employees and agents within the meaning of 28 U.S.C. § 1605A are unique causes of action arising out of the federal counterterrorism statute(s) and are controlled by federal law, 28 US.C. §1605A(c).

## THE PARTIES

5. At the time of the acts alleged, and throughout the duration of her short 14 year life, Plaintiff, Yael Botvin was an American citizen. Yael Botvin was born in the State of California. Yael Botvin suffered personal injuries and died, while in Israel, as a result of an extrajudicial killing, to wit, the September 4, 1997 suicide bombing at Jerusalem's Ben Yehudah Mall, being an act within the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A. On 25 May 2004, Russell Ellis, esq. was duly appointed by the

probate court of Montgomery County, Pennsylvania, as the Administrator of the Estate of Yael Botvin; said Estate can sue and be sued in this Court.

6. Plaintiff Julie Goldberg-Botvin is a United States citizen and is currently a resident of Israel. At all relevant times, Julie Goldberg-Botvin was, and is, the natural mother of the deceased Yael Botvin. Plaintiff Julie Goldberg-Botvin can sue and be sued in this Court.

7. Plaintiff Tamar Botvin Dagan is a United States citizen and is currently a resident of Israel. At all relevant times, Tamar Botvin Dagan was, and is, the natural born sister of the deceased Yael Botvin. Plaintiff, Tamar Botvin Dagan can sue and be sued in this Court.

8. Plaintiff Michal Botvin is a United States citizen and is currently a resident of Israel. At all relevant times, Michal Botvin was, and is, the natural born sister of the deceased Yael Botvin. Plaintiff, Michal Botvin can sue and be sued in this Court.

9. Defendant Islamic Republic of Iran ("Iran") is a foreign state that the U.S. Department of State has heretofore been designated as a state sponsor of terrorism pursuant to section 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. § 2405(j)) and section 620A of the Foreign Assistance Act of 1961 (22 U.S.C. § 2371) since January 19, 1984. Iran provided material support and resources to Hamas within the meaning of 28 U.S.C. §1605A in the form of funding, direction, and training for its terrorist activities, including the terrorist attack at issue here.

10. On numerous occasions, this Circuit has held Iran liable to victims of state-sponsored terrorism. *See Bettis v. Islamic Republic of Iran*, 315 F.3d 325 (D.C. Cir. 2003); *Andersen v. Islamic Republic of Iran*, 90 F. Supp. 2d 107 (D.D.C. 2000);

4

*Eisenfeld v. Islamic Republic of Iran*, 172 F. Supp. 2d (D.D.C. 2000); *Flatow v. Islamic Republic of Iran*, 999 F.Supp. 1 (D.D.C. 1998).

11. Furthermore, this Court has specifically previously held Iran liable to other victims of this particular act of terrorism, the suicide bombing on September 4, 1997 in Jerusalem, Israel in the related action, *Campuzano v. Islamic Republic of Iran*, 281 F. Supp. 2d 258 (D.D.C. 2003). Moreover, this Court in the related action of *Estate of Yael Botvin by and through its Administrator Russell Ellis, Esq., et al. v. Islamic Republic of Iran, et al.*, Civil Action 05-220 (D.D.C.), adopted the Findings of Fact from *Campunzano* in the Court's Order dated September 24, 2007, said action being pending before this Court as a related action.[1]

12. Defendant Iranian Ministry of Information and Security is the Iranian intelligence agency through which Iran channeled material support and resources to Hamas to carry out terrorist activities, including the suicide bombing on Ben Yehuda Street. MOIS acted as an agent of Iran and performed acts within the scope of its agency as contemplated by 28 U.S.C. § 1605A, which resulted in the extrajudicial killing described below.

13. Defendant Iranian Revolutionary Guard is the military wing of MOIS. Under the direction of MOIS, IRG provides the professional military and terrorist training to the Hamas operatives executing terrorist acts in Israel, including the suicide bombing on Ben Yehuda Street that killed Yael Botvin. IRG acts as an agent of Iran and performed acts within the scope of its agency as contemplated by 28 U.S.C. §1605A which resulted in the extrajudicial killing described below.

---

[1] Plaintiffs' have brought this action to protect their rights to proceed under the cause of action created by 28 U.S.C. §1605A(c).

## **FACTUAL ALLEGATIONS**

14.     On the afternoon of September 4, 1997, three Hamas operatives entered the crowded pedestrian mall at Ben Yehuda Street in Jerusalem, Israel. The operatives carried cases containing explosive bombs, which they packed with "nails, screws, pieces of glass, and chemical poisons to cause maximum pain, suffering, and death." *Campuzano* at 261 (citations omitted).

15.     The three suicide bombers, surrounded by hundreds of multinational pedestrians, detonated the bombs within 30 seconds of each other, killing five people and injuring nearly 200. Plaintiff Yael Botvin was among those murdered in the terrorist attack.

16.     Yael Botvin was fourteen years old when she was murdered. She was at the pedestrian mall celebrating her admission to a prestigious specialized high-school when she was murdered.

17.     Julie Goldberg-Botvin, although not present at the bombing, suffered extreme mental anguish and grief as a result of her daughter's tragic death. On the day of Yael's death, Julie was in her home, when her youngest daughter, Michal, entered her bedroom to advise Julie that there had been a terrorist attack in downtown Jerusalem.

18.     Knowing that her daughter, Yael, had gone to the pedestrian mall to celebrate her recent admission to high school, Julie immediately turned on the TV to learn where and when the terrorist attack had taken place. Julie then began calling Yael's school and the police in a desperate attempt to locate her.

19. Approximately two hours after the bombing took place, a friend took Julie Goldberg-Botvin and Michal Botvin to Bikur Cholim Hospital in downtown Jerusalem to determine if Yael was there.

20. Julie arrived at the hospital too late. When she arrived she was informed that Yael had been died and that Yael's body was already transferred to the Abu Kabir Forensic Institute. Julie Goldberg-Botvin was then asked to identify her daughter Yael's body from pictures taken at the hospital.

21. It was not until later that Julie Goldberg-Botvin was able to locate her oldest daughter, Tamar, and inform her that her sister Yael had been murdered and was a victim of terrorist attack.

22. Hamas claimed responsibility for the attack. Additionally, two Hamas operatives, Muaid Said Bilal ("Bilal") and Omar Abdel Rahman al-Zaban ("Zaban"), were arrested for their participation in the bombing and convicted on multiple counts of murder, attempted murder, and active membership in Hamas. *Campuzano*, 281 F. Supp. 2d at 261.

23. It is official Iranian policy to support terrorism. Accordingly, "Iran directly provided material support and resources to Hamas and its operatives, for the specific purpose of carrying out acts of extrajudicial killing, including the bombing" on September 4, 1997. *Id.* at 270.

24. "With Iranian government funds, MOIS spends between $50,000,000 and $100,000,000 a year sponsoring terrorist activities of various organizations such as Hamas." *Id.* at 262. This is approximately one-fourth of the agency's budget.

7

25. IRG is the military arm of MOIS, by which Iran provides Hamas operatives with "professional military and terrorist training" so they can execute terrorist attacks throughout the Middle East. *Id.*

26. Without the material support and resources Defendants provided to Hamas, the Hamas suicide bombers could not have carried out the September 4, 1997 terrorist attack at Ben Yehuda Street. *See id.*

## COUNT I
## 28 U.S.C. §1605A(c)
## CLAIM FOR WRONGFUL DEATH

27. Plaintiffs, repeats and alleges each and every allegation set forth above with equal effect as if alleged herein.

28. On September 4, 1997, when the explosive device described above was detonated, Yael Botvin suffered fatal injuries. The injury and death of Yael Botvin was caused by a willful and deliberate act of extrajudicial killing.

29. The Defendants, through their authorized and engaged agents, financed the attack, planned the attack and rendered material support to the activities of Hamas that resulted in the murder of Yael Botvin.

30. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran, MOIS, IRG.

31. The beneficiaries of Yael Botvin who survived her, namely, Julie Goldberg-Botvin, Tamar Botvin Dagan, Michal Botvin, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the

Defendants are vicariously, jointly and severally liable, suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings to the Estate of Yael Botvin, and funeral and burial expenses.

32. WHEREFORE, Plaintiffs demand judgment, jointly and severally, against all the Defendants, including the Islamic Republic of Iran, MOIS, IRG, in the amount of EIGHTEEN MILLION DOLLARS ($18,000,000.00), plus costs and attorneys fees.

## COUNT II
## ESTATE OF YAEL BOTVIN
## 28 U.S.C §1605A(c)
## PAIN AND SUFFERING

33. Plaintiff, the Estate of Yael Botvin, repeats and re-alleges each and every allegation set forth with like effect as if alleged herein.

34. Before her death, Yael Botvin suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the decedent hereby suffered compensable damages.

35. WHEREFORE, Russell Ellis, Administrator,Esq. demands such judgment on behalf of the Estate of Yael Botvin jointly and severally, against all the Defendants, including the Islamic Republic of Iran, MOIS, IRG in the amount of EIGHTEEN MILLION DOLLARS ($18,000,000.00), plus costs and attorneys fees.

## COUNT III
## ALL PLAINTIFFS
## 28 U.S.C. §1605A(c)
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

36. Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

37. The acts of planning and conducting a terrorist suicide bombing designed to maim and murder innocent people in a crowded pedestrian mall in Jerusalem constituted extreme and outrageous conduct on the part of Hamas members, whose acts were funded and directed by the Islamic Republic of Iran and its instrumentalities through its agents MOIS and IRG.

38. As a direct and proximate result of the willful, intentional and reckless acts of the Hamas members, whose acts were funded and directed by the Islamic Republic of Iran through its agents MOIS and IRG, Plaintiffs were intentionally caused to suffer severe emotional distress, all to their damage.

39. WHEREFORE, Plaintiffs, the Estate Yael Botvin, Julie Goldberg-Botvin, Tamar Botvin Dagan and Michal Botvin, pray that judgment be entered, jointly and severally against all the Defendants, including, the Islamic Republic of Iran, MOIS, IRG, in the amount of EIGHTEEN MILLION DOLLARS ($18,000,000.00), plus costs and attorneys' fees.

COUNT IV
JULIE GOLDBERG-BOTVIN, TAMAR BOTVIN DAGAN, MICHAL BOTVIN
28 U.S.C. §1605A(c)
SOLATIUM CLAIM

40. Plaintiffs, Julie Goldberg-Botvin, Tamar Botvin Dagan and Michal Botvin, repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

41. As a direct consequence of the actions of the Defendants, and each of them, the Islamic Republic of Iran, MOIS, IRG, the beneficiaries of decedent, Yael

Botvin, to wit, Julie Goldberg-Botvin, Tamar Botvin Dagan, Michal Botvin, have suffered extraordinary grief and mental anguish, and loss of solatium in accordance with 28 U.S.C. 1605A(c) has thereby suffered damage.

42. WHEREFORE, Plaintiffs, Julie Goldberg-Botvin, Tamar Botvin Dagan and Michal Botvin, demand judgment, jointly and severally, against the Defendants, including, the Islamic Republic of Iran, MOIS, IRG in the amount of EIGHTEEN MILLION DOLLARS ($18,000,000.00), plus costs and attorneys' fees..

COUNT V
ALL PLAINTIFFS
28 U.S.C. §1605A(c)
PUNITIVE DAMAGES

43. Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

44. The actions of the Defendants, carried out in their names and by their instrumentalities and agents as described above, were malicious, willful, unlawful, reckless and in wanton disregard of life and the applicable standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result and was caused by each Defendant.

45. The decedent and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their responsibilities as governments, instrumentalities of governments and as leaders of governments and its instrumentalities, each acting as agents on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. §1605A(c) the Estate of Yael Botvin, and Julie Goldberg-Botvin, Tamar Botvin Dagan and Michal Botvin thereby entitled to punitive damages against the Defendants, jointly and severally.

WHEREFORE, the Plaintiffs, the Estate Yael Botvin, Julie Goldberg-Botvin, Tamar Botvin Dagan and Michal Botvin, pray that judgment be entered, jointly and severally, against including, the Islamic Republic of Iran, MOIS, IRG on behalf of the decedent and each surviving plaintiff, in the amount of THREE HUNDRED MILLION ($300,000,000.00) DOLLARS plus costs and attorneys fees.

**WHEREFORE,** Plaintiffs requests judgment against the Defendants as follows:

1. Judgment against the Defendants, jointly and severally, for the damages to which the Plaintiffs are each entitled under the laws of the United States of America in amounts as prayed for herein, and as shall be proven at trial.

2. Judgment against Defendants, jointly and severally, for punitive damages and to which each and all of the Plaintiffs may be and are entitled under applicable law, all in an amount prayed for herein and as shall be determined at trial.

3. Judgment against the Defendants, jointly and severally, for all costs expended herein.

4. Judgment against the Defendants, jointly and severally, for reasonable attorneys' fees incurred incident hereto.

5. Interest thereon at the legal rate from date of the loss, September 4, 1997 and/or from date of judgment until paid in full.

6. Judgment against Defendants, jointly and severally, for any and all other relief to which Plaintiffs may be entitled.

7. That lis pendens notice of action may issue and be noted and enforced by the Court.

8. A trial by jury on all issues so triable.

9. Leave of Court to amend this Complaint as the interests of justice require.

March 24, 2008

                        Respectfully Submitted,

                        HEIDEMAN NUDELMAN
                        & KALIK P.C.
                        1146 19th Street, 5th Floor
                        Washington, DC  20036
                        Telephone: 202-463-1818
                        Telefax: 202-463-2999
                        Email: attorneys@heidemanlaw.com

                        By: _/s/_____
                          Richard D. Heideman (No. 377462)
                          Noel J. Nudelman (No. 449969)
                          Tracy Reichman Kalik (No. 462055)

                        PERLES LAW FIRM, P.C
                        Steven R. Perles (No. 326975)
                        Edward MacAllister
                        1146 19th Street, NW 5th Floor
                        Washington, DC  20036
                        Telephone: 202-955-9055
                        Telefax: 202-955-3806

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Julie Goldberg-Botvin, The Estate of Yael Botvin, Tamar Botvin Dagan and Michal Botvin

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __99999__
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Richard D. Heideman
Heideman Nudelman & Kalik, P.C.
1146 19th Street, NW, 5th Floor
Washington, DC 20036
202-463-1818

## DEFENDANTS

Islamic Republic of Iran, The Iranian Ministry of Information and Security, The Iranian Revolutionary Guard

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:08-cv-00503
Assigned To : Urbina, Ricardo M.
Assign. Date : 3/24/2008
Description: PI/Malpractice

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⊙ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ⊙ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☒ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⦿ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Plaintiffs bring suit pursuant 28 U.S.C. 1605A(c) for their personal injury damages and for punitive damages

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 372,000,000.00   Check YES only if demanded in complaint   JURY DEMAND: YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☒   NO ☐   If yes, please complete related case form.

DATE 3/24/2008   SIGNATURE OF ATTORNEY OF RECORD   *[signature]*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.